

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:

COTTLE, LLC, and
G&S FAMILY, LLC,

        Debtors.

Case No. 23-bk-296
Chapter 11

_____

COTTLE, LLC, and
G&S FAMILY, LLC,

        Plaintiffs,

        v.

Adversary No. 25-ap-2

SMALL BUSINESS FINANCIAL
SOLUTIONS, LLC d/b/a Rapid Finance,

        Defendant.

_____

## MEMORANDUM OPINION

Pending before the Court is a motion to amend the complaint. Cottle, LLC, and G&S Family, LLC, (the "Plaintiffs") seek leave to amend their Complaint against Small Business Financial Solutions, LLC, d/b/a Rapid Finance (the "Defendant") to assert new claims for fraudulent conveyance, preference, unconscionability, and imposition of stay. In opposition, the Defendant argues that the proposed amendments are barred by the terms of the Court order confirming the Combined Sub Chapter V Plan (the "Plan"). It also contends that allowing Plaintiffs to assert claims that could and should have been raised before confirmation would undermine the finality of the Plan. Finally, Defendant argues that Plaintiffs' proposed claim for extension of the stay is legally deficient as a matter of law and has already been decided upon by this Court on ruling on the motion for preliminary injunction.

For the reasons stated herein, the Court will deny the Plaintiffs' Motion to Amend Complaint and dismiss this adversary proceeding.

## I.  STANDARD OF REVIEW

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7015, courts "should freely give leave [to amend] when justice so requires."  The Fourth Circuit Court of Appeals has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile*."  Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation omitted).  An amendment is futile when the proposed amended complaint fails to state a claim and would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012).

## II.  BACKGROUND

On June 13, 2024, the Court confirmed the Plaintiffs' Combined Sub Chapter V Plan of Reorganization.  The Plan explicitly identifies Rapid Finance's claim and provides for payment in the amount of $22,522.00.  On January 23, 2025, Plaintiffs initiated this adversary proceeding seeking to enjoin Rapid Finance from enforcing a guaranty against a third-party non-debtor, Larry Cottle.  The original complaint solely sought injunctive relief and did not set forth any additional causes of action.  On February 26, 2025, the Plaintiffs filed a motion for preliminary injunction effectively requesting the same relief as in the complaint.  On April 18, 2025, the Court denied Plaintiffs' request for injunctive relief based upon the fact that Mr. Cottle entered into a repayment agreement with Rapid Finance to settle a related state court action involving the subject debt.  Following the Court's denial, there were no other issues remaining in the complaint to be adjudicated by the Court, and the complaint, in effect, was rendered moot.  In the interim, on April 15, 2025, Plaintiffs filed the present Motion to Amend their complaint to assert four additional causes of action.  The proposed amended complaint does not acknowledge or incorporate the original pleading in any substantive way other than to request that the stay be extended to Mr. Cottle.

### III.   DISCUSSION

The Plaintiffs filed the pending Motion to Amend Complaint seeking to supplement their original pleading by adding four new causes of action including fraudulent conveyance, preference, unconscionability, and imposition of stay.  The claims of fraudulent conveyance, preference, and unconscionability are based on transactions and conduct that allegedly occurred *prior* to the confirmation of Plaintiffs' Plan.  On May 5, 2025, Defendant filed its Response in Opposition asserting that amendment is not warranted because the newly asserted claims are inconsistent with the confirmed Plan, were not preserved during the Plan confirmation process, and are thus barred as a matter of law.  Defendant also contends that the proposed claim seeking to extend the automatic stay to non-debtor guarantor Larry Cottle fails under controlling Fourth Circuit precedent and has already been addressed and rejected by this Court in the context of Plaintiffs' earlier motion for preliminary injunctive relief.  Accordingly, Defendant essentially argues that the amendment would be futile and should be denied in its entirety.

### A.  Bar by Confirmed Chapter 11 Plan

Amendment here would be futile because the claims Plaintiffs seek to assert are barred by the confirmed Sub Chapter V Plan.  It is well-settled that once a reorganization plan is confirmed, it is binding on all parties, and neither the debtor nor any creditor may assert rights inconsistent with the terms of that plan.  Pursuant to 11 U.S.C. § 1141(a), "the provisions of a confirmed plan bind the debtor […] and any creditor […] whether or not the claim or interest of such creditor […] is impaired under the plan and whether or not such creditor […] has accepted the plan."  *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1317 (4th Cir. 1996) ("Under the Bankruptcy Code, a confirmed plan of reorganization acts like a contract that is binding on all of the parties, debtor and creditors alike."); *see also In re RailWorks Corp.*, 621 B.R. 635, 648 (Bankr. D. Md. 2020); *see also In re A. Hirsch Realty, LLC*, 583 B.R. 583, 603 (Bankr. D. Mass. 2018).

The proposed counts alleging fraudulent conveyance, preference, and unconscionability are all based on conduct that occurred prior to confirmation of the Plan.  Plaintiffs have not put forth any evidence to suggest allegations of post confirmation fraudulent, partial, or unconscionable acts.  Plaintiffs had every opportunity to raise those claims during the Plan confirmation process and chose not to.  Permitting such claims now would not only contravene the finality of the confirmation order but would also frustrate the principles of judicial economy and legal certainty that underlie Chapter 11 proceedings.

### B. No Basis for Extending the Automatic Stay

Plaintiffs' proposed claim for imposition of stay likewise fails as a matter of law. The automatic stay provided by 11 U.S.C. § 362 does not extend to non-debtor third parties, including guarantors who are independently liable. However, the Fourth Circuit has recognized bankruptcy courts have the authority to extend the automatic stay to non-debtors, including guarantors, in certain unusual circumstances. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). The leading case in *A.H. Robins* allows for such an extension when there is a close identity of interests between the debtor and the non-debtor guarantor, such that action against the guarantor would effectively be an action against the debtor. *Id*. This occurs when the litigation could deplete assets necessary for the debtor's reorganization or otherwise harm the debtor's ability to reorganize. *Id*. Following *A.H. Robins*, the Court in *Credit Alliance Corp. v. Williams*, 851 F.2d 119 (4th Cir. 1988) held that a creditor could pursue a non-debtor guarantor, emphasizing that the purpose of a guaranty is to ensure that a creditor can seek reimbursement from a third party if the debtor defaults, and ultimately decided that the automatic stay did not apply to the enforcement of a judgment against a non-debtor guarantor without the unusual circumstances necessary.

No such unusual circumstances to justify the extension of the stay are alleged here. In fact, Larry Cottle has entered into a settlement agreement with Rapid Finance for repayment of the subject debt, thus creating individual contractual obligation on the debt, separate and apart from his role as guarantor. Furthermore, this Court has already denied Plaintiffs' request for preliminary injunctive relief on these same grounds. Plaintiffs cannot now circumvent that ruling by repackaging the same request in the form of an amended complaint. While Rule 15 of the Federal Rules of Civil Procedure encourages liberal amendment, it does not require courts to entertain legally futile amendments. Because Plaintiffs' proposed amended claims are foreclosed by the confirmed Plan and by well-established law under the Bankruptcy Code and Fourth Circuit precedent, the Court concludes that amendment would be futile.

As a result of the Court's finding that an amendment would be futile and unwarranted, and given that the original complaint sought only injunctive relief, which the Court has already denied by prior order, no claims or issues remain pending for adjudication in this adversary proceeding. Accordingly, the Court finds it appropriate to dismiss the adversary proceeding in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the Court finds it appropriate to deny the Plaintiffs Cottle, LLC, and G&S Family, LLC, d/b/a Rapid Finance's, Motion to Amend Complaint and to dismiss the adversary proceeding. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.